Filed 6/15/26  Kilrain v. City of Santa Barbara CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID MATTHEW KILRAIN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SANTA BARBARA, et al., <br><br> Defendants and Respondents. | 2d Civ. No. B348665 <br> (Super. Ct. No. 25CV01508) <br> (Ventura County) |

Appellant David Matthew Kilrain filed this action in March of 2025.  It is the latest of several actions alleging a wide-ranging conspiracy against him by city and county officials in Santa Barbara, purported members of the "Illuminati," and others.  The trial court declared him a vexatious litigant in a related case while this appeal was pending.[1]

---

[1] *Kilrain v. City of Santa Barbara* (Super. Ct. Ventura County, 2024, No. 24CV01175).  We take judicial notice on our

Appellant alleges respondents City of Santa Barbara and County of Santa Barbara filed criminal charges against him in retaliation for exposing corruption within local government. (*People v. Kilrain* (Super. Ct. Santa Barbara County, 2025, No. 24CR03837).) The 191-page complaint includes causes of action for abuse of process, defamation, intentional infliction of emotional distress, among others. The trial court granted respondents' special motions to strike under the anti-SLAPP statute and dismissed the complaint. (Code Civ. Proc., § 425.16.) It agreed the complaint arose from protected activities, i.e., "communicative acts and prosecutorial or administrative decisions carried out by City [and County] employees in the course of their duties, including initiating or assisting in criminal proceedings, reporting violations of court orders, and enforcing civil restraining orders." It concluded "[t]hese acts are intimately connected with and in furtherance of judicial or quasi-judicial proceedings" and that appellant had not "demonstrated a legal theory that is not negated by a privilege or immunity."

"We review de novo the grant or denial of an anti-SLAPP motion. [Citation.] We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.) We affirm the order for two reasons.

First, appellant forfeited any argument of error "by failing to comply with the applicable rules of appellate procedure." (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619.) "[T]he California

own motion of the trial court's order dated October 24, 2025 declaring appellant a vexatious litigant. (Evid. Code, § 452, subds. (c) & (d); Code Civil Proc., § 391, subd. (b)(1).)

Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.'" (*Id.* at p. 620, quoting Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) Appellant's briefs "do not properly cite the record and are replete with unsupported legal and factual assertions." (*L.O.* at p. 620; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) They include no substantive discussion of the immunities at issue.

Second, we agree with the trial court's analysis of the complaint under the anti-SLAPP statute. Appellant's allegations fall squarely within the litigation and public employee privileges. (Civ. Code, § 47; Gov. Code, § 821.6.)

DISPOSITION

Judgment is affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

3

Mark S. Borrell, Judge
Superior Court County of Ventura
_____

David Matthew Kilrain, in pro per, for Plaintiff and Appellant.

Sarah J. Knecht, City Attorney, Tom R. Shapiro, Assistant City Attorney; Civica Law Group, Adrianna C. Paige, for Defendant and Respondent City of Santa Barbara.

Rachel Van Mullem, County Counsel, Heather Smith, Senior Deputy County Counsel, for Defendant and Respondent County of Santa Barbara.